**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 20 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES ex rel. JONATHAN BLOEDOW,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>PLANNED PARENTHOOD OF THE GREAT NORTHWEST INC,<br><br>    Defendant - Appellee. | No. 14-35017<br><br>D.C. No. 2:11-cv-01192-MJP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Senior District Judge, Presiding

Argued and Submitted June 7, 2016
Seattle, Washington

Before: PAEZ, BYBEE, and CHRISTEN, Circuit Judges.

Jonathan Bloedow appeals the district court's order dismissing his qui tam

action for lack of subject matter jurisdiction. We affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The district court did not err in concluding that the False Claims Act's ("FCA") public disclosure bar applied to Bloedow's suit.[1] The "FCA sets up a two-part test" for subject matter jurisdiction. *United States v. Alcan Elec. & Eng'g, Inc.*, 197 F.3d 1014, 1018 (9th Cir. 1999). First, we agree with the district court that, taken together, the *Gonzalez v. Planned Parenthood of Los Angeles* complaint, No. CV 05-8818 (C.D. Cal. May 1, 2008), and the 2011 report by the Office of Inspector General for the Department of Health and Human Services "constituted a 'public disclosure' of the 'allegations or transactions' upon which [Bloedow's] FCA suit is based." *Id.* (quoting 31 U.S.C. § 3730(e)(4)(A)). That neither document explicitly references Planned Parenthood of the Great Northwest ("PPGN") is not determinative of the public disclosure bar. *See id.* at 1018-19. Second, we agree that Bloedow does not qualify as an "original source" under 31 U.S.C. § 3730(e)(4)(B). *United States ex rel. Devlin v. California*, 84 F.3d 358, 360 (9th Cir. 1996). His knowledge of PPGN's allegedly fraudulent behavior was neither "direct" nor "independent." *Id.* at 361. Thus, the district court lacked subject matter jurisdiction over Bloedow's case.

**AFFIRMED.**

---

[1] The district court correctly applied the pre-2010 version of the FCA. *See Hughes Aircraft Co. v. United States ex rel. Schumer*, 520 U.S. 939, 946 (1997).